## Case No. 1,185.

### BEARDSLEY v. LITTELL et al.

[14 Blatchf. 102:[1] 2 Ban. & A. 501; 23 Int. Rev. Rec. 226; 4 Cent. Law J. 270.]

Circuit Court, S. D. New York. Jan. 25, 1877.

WITNESS—ORAL EXAMINATION OUT OF COURT—FEDERAL PRACTICE.

1. In an action at law in a federal court in New York, a defendant cannot, before the trial, be examined as a witness for the plaintiff out of court, although such examination is provided for by the statute of New York, in suits in the courts of New York.

2. The whole subject of oral testimony in actions at common law in the courts of the United States is regulated by the statutes of the United States. Under the provisions of those statutes, the examination of an adverse party, as a witness, before trial, in a common law suit, cannot be had; and there is nothing in section 914 of the Revised Statutes of the United States, which provides for the conformity of the practice of the federal courts, in common law suits, to that of the state courts, that supersedes those provisions.

[Cited in Re Hawkins, 147 U. S. 486, 13 Sup. Ct. 516. See, also, Easton v. Hodges, Case No. 4,258.]

[At law. Action by James H. Beardsley against John M. Littell and Russell W. Chace for damages for infringement of letters patent. Plaintiff applies for an order for defendant Littell to be examined as a witness before trial. Denied.]

Walter S. Logan, for application.

BLATCHFORD, District Judge. This is an action at law to recover damages for the infringement of letters patent. It is at issue and ready for trial. The plaintiff now presents to the court his affidavit, setting forth that the testimony of the defendant Littell is material and necessary for the plaintiff upon the questions of the kind and description of the machine used by the defendants, and claimed to be an infringement of the plaintiff's patent, "the amount which he has used the same," and the profits resulting from such use; that these matters are peculiarly with the knowledge of said defendant, and cannot well be proved except by his testimony; and that it is necessary to take his examination before the trial, in order that the plaintiff may properly prepare for the trial. On this affidavit an application is made for an order that the defendant appear for examination as a witness before the trial.

Section 389 of chapter 6 of the Code of Procedure of the state of New York, provides as follows: "No action to obtain discovery under oath, in aid of the prosecution or defence of another action, shall be allowed, nor shall any examination of a party be had, on behalf of the adverse party, except in the manner prescribed by this chapter." Section 390 provides as follows: "A

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 501; and here republished by permission.]

party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled, in the same manner, and subject to the same rules of examination, as any other witness, to testify, either at the trial, or conditionally, or upon commission." Section 391 provides as follows: "The examination, instead of being had at the trial, as provided in the last section, may be had at any time before the trial, at the option of the party claiming it, before a judge of the court, or a county judge, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless, for good cause shown, the judge order otherwise. But the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance." It is provided by section 914 of the Revised Statutes of the United States, that "the practice, pleadings and forms and modes of proceeding in civil actions, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

The application now made is founded on the view that the practice of examining an adverse party before the trial, as a witness, in a suit at law, has become the practice of this court by virtue of the above section 914. This is not a correct view. Section 861 of the Revised Statutes provides that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided." There is nothing in the constitution or statutes of the United States which sanctions any other mode of trial, in a common law action, than a trial by a jury, in the presence of the court, unless such a trial is waived. Therefore, when the statute speaks of the examination of witnesses in open court, in the trial of an action at common law, it means the examination of witnesses in the presence of the court and the jury, at the trial, and not before the trial. But, as some witnesses might be out of the jurisdiction of the court, or would probably be absent from such jurisdiction at the time of trial, provision was to be made for such cases. Hence the words, in section 861, "except as hereinafter provided." In pursuance of this view, section 863 makes provision for taking by deposition, de bene esse, before trial, by certain specified officers, out of court, the testimony of witnesses who, though within the United States, are beyond the reach of a subpoena, or who are bound on a voyage to sea, or who are about to go, before the trial, out of the

United States, or who are about to go, before the trial, to some place within the United States which is beyond the reach of a subpoena, or who are ancient and infirm. Section 866 makes provision for taking depositions under a dedimus potestatem, "according to common usage," that is, by commission, and for taking depositions in perpetuam rei memoriam. Sections 882 and following sections provide for documentary evidence. These are all the statutory provisions enacted by the United States on the subject; and it is quite clear that they cover the whole subject of oral testimony, in actions at common law, in the courts of the United States. There is nothing in section 914 which supersedes them; and, under them, the examination of an adverse party as a witness, before trial, in a common law suit, cannot be had. It may well be doubted whether there is anything in section 914 which applies to the subject of the evidence of witnesses, either as to its character or competency, or the mode of taking it. The expression "practice, pleadings, and forms and modes of proceeding," is well satisfied without including in it the subject of evidence. At all events, it cannot be regarded as covering matters connected with the subject of the evidence of witnesses, which are regulated by specific provisions of law found in the same title of the same statute.

In the case of Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, the supreme court of the United States, in commenting on section 914, say that the language of that section, that the conformity mentioned in it is to be "as near as may be," means, "not as near as may be possible, or as near as may be practicable;" that the indefiniteness of the expression devolves upon the federal court the duty of construing and applying the provision in each case, and gives to the court the power to reject any subordinate provision in a state statute, which, in its judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in the federal court; and that, while section 914 is, to a large extent, mandatory, it is also, to some extent, only directory and advisory. In the spirit of that language, it may be observed, that section 389 of the Code of Procedure of New York abolishes an action to obtain discovery under oath, in aid of the prosecution or defence of another action, and then section 391 allows an examination of an adverse party as a witness before trial, evidently as a substitute for a discovery before trial, in an ancillary action. But, a suit in equity, to obtain a discovery under oath, in aid of the prosecution or defence of a suit at law, is not abolished in the courts of the United States. The distinction between suits in equity and actions at common law exists in the courts of the United States. Such distinction is recognized by the constitution, and cannot be abolished by congress. It is also recognized in section 914. Therefore, one of the reasons for the practice, in the courts of the state of New York, of examining an adverse party as a witness before trial, in a suit at law, does not exist in respect to the federal courts.

It is also worthy of consideration, that section 391 of the Code of Procedure of New York provides that the party to be examined shall be examined before a judge of the court or a county judge, and shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance. The examination, if allowed in the federal court, must take place before a judge of the court. There is no alternative officer, to take the place of the county judge. If the party cannot be compelled to go out of the county where he resides, the benefit of the provision would practically be confined to suits pending in the counties where the federal judges should happen to reside or to be present, unless the party to be examined could incidentally be found in such county. There would be no uniformity in such a provision, and such a practice could hardly be said, as a general practice, to conform "as near as may be" to the state practice.

Moreover, in view of the limited judicial force in the courts of this district in comparison with the amount of the business pending in those courts, and of the fact that the examination, if had, must take place before a judge of the court, it is quite clear that an allowance of the practice would "unwisely encumber the administration of the law," especially in view of the fact that a party may, at the trial, be called as a witness by the adverse party, in a suit at law, and may, if a case exists under section 863, be examined as a witness, before trial, on behalf of the adverse party, by deposition de bene esse. The application is refused; and I am authorized to say that the circuit judge concurs in the foregoing views.