# FOGG *v.* FISK.

*(Circuit Court, S. D. New York. January 25, 1884.)*

1. PRELIMINARY EXAMINATIONS—PRACTICE IN STATE AND FEDERAL COURTS.

The examination of a party to a suit as a witness for the adverse party, pending in a state court under a provision of the Code of Procedure for that state, may be continued after the removal of such suit to the federal court, though such an examination would not be allowed under the practice of the federal court, had the action been originally brought there.

2. SAME — SURVIVAL OF PROCEEDINGS TAKEN IN STATE COURTS AFTER RE-
MOVAL.

    The removal act of 1875 carefully saves to both parties the benefit of all pro-
ceedings taken in the action prior to its removal from the state court, and by
section 4 of said act, it is provided that when any suit is removed from a state
court to a circuit court of the United States, all injunction orders and other
proceedings had in such suit prior to its removal shall remain in full force and
effect until dissolved or modified by the court to which such suit has been re-
moved.

At Law.

*John R. Dos Passos*, for plaintiff.

*Miller, Peckham & Dixon*, for defendant.

WALLACE, J.   At the time this suit was removed from the state
court by the defendant his examination as a witness was pending
under an order of that court, directing him to appear and be exam-
ined before the trial as a witness at the instance of the plaintiff.   By
the Code of Civil Procedure of this state a deposition thus taken may
be read in evidence by either party at the trial of the action, and also
in any other action brought between the same parties, or between
parties claiming under them, or either of them, and has the same
effect as though the party were orally examined as a witness upon
the trial.   Section 883.   The plaintiff now moves for leave to pro-
ceed with the examination of the defendant pursuant to that order,
and the defendant resists the application upon the ground that the
examination of a party before the trial as a witness for the adverse
party is not permitted by the practice of this court.

It is well settled in this circuit that section 914, Rev. St., for con-
forming the practice of the federal courts in suits at common law as
near as may be to that of the state courts, does not apply to the tak-
ing of testimony, because the statutes of congress cover the whole
subject; and these statutes not only do not provide for the examina-
tion of a party as a witness for the adverse party before the trial in
actions at law, but do not permit evidence thus obtained to be used
upon the trial as a substitute for the oral examination of the wit-
ness.   Rev. St. § 861; *Beardsley* v. *Littell*, 14 Blatchf. 102; *U. S.* v.
*Pings*, 4 FED. REP. 714.   If, therefore, this were an action originally
brought in this court, the plaintiff should not be permitted to proceed
with the examination of the defendant.   But the removal act of 1875
carefully saves to both parties the benefit of all proceedings taken in
the action prior to its removal from the state court.   Section 4 de-
clares that when any suit is removed from a state court to a circuit
court of the United States, all injunction orders and other proceedings
had in such suit prior to its removal shall remain in full force and ef-
fect until dissolved or modified by the court to which such suit shall
be removed.   By force of this provision the plaintiff is entitled to
proceed with the defendant's examination, unless for some substan-
tial reason the revisory power of this court should be exercised to de-
prive him of the benefit of the order he has obtained and the proceed-

ing he has instituted. It lies with the defendant, therefore, to present some controling reason to the judicial discretion for denying to the plaintiff the right which he had secured, and of which he could not be deprived except by a removal of the suit. That both parties have deemed this proceeding an important one is obvious from the tenacity with which the right to pursue it has been contested.

It appears by the record and moving papers that the defendant has been defeated in efforts to vacate the order for his examination by the supreme court at special term and at general term, and by the court of appeals; and that, although for a period of 18 months he was willing to submit his rights to the state courts, he invoked the jurisdiction of this court when there was no other resource left by which he could escape an examination. Certainly, there are no equities which should induce this court to deprive the plaintiff of the fruits of his long struggle. If the examination of the defendant could subserve no useful purpose to the plaintiff, undoubtedly the defendant should not be subjected to it, or be put to the annoyance or inconvenience which it might entail upon him. But although the defendant's testimony, when obtained, may not be of service to the plaintiff to the full extent it would be in the state courts, it may, nevertheless, be of some value. If it cannot be used on the trial of this action as a substitute for the oral examination of the defendant, it can be as the declarations of a party; and it can also be used in other suits in the courts of this state between the same parties, or their privies, pursuant to section 881 of the Code. There seems to be no reason, therefore, for dissolving or modifying the order of the state court, or for denying to the plaintiff the benefit of the proceeding which was pending when the defendant removed the suit.

The motion is granted.