# HANKS DENTAL ASSOCIATION *v.* INTERNATIONAL TOOTH CROWN COMPANY.

## ON A CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 253.   Argued April 26, 1904.—Decided May 16, 1904.

The act of March 9, 1892, 27 Stat. 7, in regard to taking testimony, does not repeal or modify § 861, Rev. Stat., or create any additional exceptions to those specified in the subsequent sections by enlarging the causes or grounds for taking depositions, and is not supplementary to § 914, Rev. Stat.

A Circuit Court of the United States in the State of New York is not authorized to make an order for the examination of a party before trial before a master or commissioner appointed pursuant to §§ 870 *et seq.*, of the Code of Civil Procedure of New York.

THE certificate in this case is as follows:

"This cause comes here upon a writ of error for the review of the judgment of the Circuit Court for the Southern District of New York, entered upon the verdict of a jury in favor of the defendant in error, The International Tooth Crown Company, sustaining the validity of a patent and awarding damages for infringement. Upon examination of the record it appears that the sole evidence of infringement was found in the deposition of the president of the Hanks Dental Association, the plaintiff in error, taken pursuant to an order of the Circuit Court under section 870 *et seq.* of the Code of Civil Procedure of the State of New York, the defendant in error contending the examination of a party before trial, if permitted by the law of the State, is authorized by act of Congress of March 9, 1892. 27 Stat. L. page 7.

"The taking of the deposition was objected to at every stage and when offered in evidence at the trial it was again duly objected to and to its reception the plaintiff in error duly excepted.

"Whether this practice is warranted or not is the question upon which we desire the instructions of the Supreme Court.

*"Question Certified.*

"Upon the facts above set out the question of law concerning which the court desires the instruction of the Supreme Court is:

"Was the order of the Circuit Court directing the president of the Hanks Dental Association, the defendant in that court, to appear before a master or commissioner appointed pursuant to the provisions of section 870 *et seq.* of the Code of Civil Procedure of the State of New York valid and authorized under the act of March 9, 1892?"

*Mr. Charles K. Offield* and *Mr. Philip B. Adams,* with whom *Mr. Charles C. Linthicum* was on the brief, for plaintiff in error.

Submitted by *Mr. Walter D. Edmonds* for defendant in error.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Section 870 of the Code of Civil Procedure of New York provides that "the deposition of a party to an action pending in a court of record or of a person who expects to be a party to an action about to be brought  .  .  .  may be taken at his own instance or at the instance of an adverse party or of a co-plaintiff or co-defendant at any time before the trial as prescribed in this article." And succeeding sections set forth how such examinations may be ordered.

In *Ex parte Fisk,* 113 U. S. 713, decided at October term, 1884, it was held that this statute was in conflict with section 861 of the Revised Statutes of the United States, and not within any of the exceptions to the rule therein prescribed. The sections bearing on the subject were thus summarized by Mr. Justice Miller, who delivered the opinion of the court:

" 'SEC. 861. The mode of proof, in the trial of actions at common law, shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided.'

" 'SEC. 863. The testimony of any witness may be taken in any civil cause depending in a District or Circuit Court, by deposition *de bene esse,* when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient or infirm.' The remainder of this section, and §§ 864 and 865, are directory as to the officer before whom the deposition may be taken, the notice to the opposite party, and the manner of taking, testifying and returning the deposition to the court.

" 'SEC. 866. In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a *dedimus potestatem* to take depositions according to common usage; and any Circuit Court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken *in perpetuam rei memoriam*, if they relate to any matters that may be cognizable in any court of the United States.'

"Section 867 authorizes the courts of the United States, in their discretion, and according to the practice in the state courts, to admit evidence so taken; and §§ 868, 869 and 870 prescribe the manner of taking such depositions, and of the use of the *subpœna duces tecum*, and how it may be obtained."

Mr. Justice Miller then continued: "No one can examine these provisions for procuring testimony to be used in the courts of the United States and have any reasonable doubt that, so far as they apply, they were intended to provide a system to govern the practice, in that respect, in those courts. They are, in the first place, too complete, too far-reaching, and too minute to admit of any other conclusion. But we have not only this inference from the character of the legislation, but it is enforced by the express language of the law in providing a defined mode of proof in those courts, and in specifying the only exceptions to that mode which shall be admitted."

And he further said: "Its purpose is clear to provide a mode of proof in trials at law, to the exclusion of all other modes of proof." "It is not according to common usage to call a party in advance of the trial at law, and to subject him to all the skill of opposing counsel, to extract something which he may then use or not as it suits his purpose." "Every action at law in a court of the United States must be governed by the rule or by the exceptions which the statute provides. There is no place for exceptions made by state statutes. The court is not at liberty to adopt them, or to require a party to conform to them. It has no power to subject a party to such an examination as this."

Sections 721 and 914 were held inapplicable because the law of the State was inconsistent with the law of Congress. And see *Beardsley* v. *Littell*, 14 Blatchf. 102, Blatchford, J.; *United States* v. *Pings*, 4 Fed. Rep. 714, Choate, J.; *Fogg* v. *Fisk*, 19 Fed. Rep. 235, Wallace, J.; *Luxton* v. *North River Bridge Company*, 147 U. S. 337, 338.

In *Union Pacific Railway Company* v. *Botsford*, 141 U. S. 250, decided at October term, 1890, the question was whether a court of the United States could order a plaintiff, in an action for an injury to the person, to submit to a surgical examination in advance of the trial, and it was held that it could not.

Mr. Justice Gray, among other things, said: "Congress has enacted that 'the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided,' and has then made special provisions for taking depositions. Rev. Stat. §§ 861, 863 *et seq.* The only power of discovery or inspection, conferred by Congress, is to 'require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery,' and to nonsuit or default a party failing to comply with such an order. Rev. Stat. § 724. And the provision of § 914, by which the practice, pleadings and forms and modes of proceeding in the courts of each State are to be followed in actions at law in the courts of the United States held within the same State neither restricts nor enlarges the power of these courts to order the examination of parties out of court."

*Ex parte Fisk* was quoted from and applied, and the opinion concluded: "The order moved for, subjecting the plaintiff's person to examination by a surgeon, without her consent and in advance of the trial, was not according to the common law, to common usage, or to the statutes of the United States. The Circuit Court, to adopt the words of Mr. Justice Miller,

'has no power to subject a party to such an examination as this.' "

March 9, 1892, the following act was approved (27 Stat. 7): "Cl .p. 14. An act to provide an additional mode of taking depositions of witnesses in causes pending in the courts of the United States. Be it enacted, etc., That in addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the State in which the courts are held."

Mode usually means the manner in which a thing is done, and this act relates to the manner of taking "depositions and testimony," which the title treats as equivalent terms, and which may be so regarded so far as the question before us is concerned. But it is contended that the word "mode". as used in the act has a broader significance and embraces the production of evidence, thereby qualifying section 861, which prescribes the mode of proof.

We cannot concur in this view. The act is clear upon its face and does not call for construction, or, at all events, is susceptible of but one construction. It does not purport to repeal in any part, or to modify, section 861, or to create additional exceptions to those specified in the subsequent sections by enlarging the causes or grounds for taking depositions, and as it is applicable alone to the taking of depositions or testimony in writing, we cannot attribute to it any such effect, nor hold, this being so, that it is supplementary to section 914.

That section refers to "the practice, pleadings, and forms and modes of proceeding in civil causes," and Mr. Justice Blatchford, then District Judge, in *Beardsley* v. *Littell*, thought the expression "forms and modes of proceeding" did not necessarily include the subject of evidence. But be that as it may, we do not think the words "mode of taking" were used in this act with the intention of expanding the scope of

the section so as to cover the production of testimony through the examination of a party before trial.

In short, the courts of the United States are not given discretion to make depositions not authorized by Federal law, but, in respect of depositions thereby authorized to be taken, they may follow the Federal practice in the manner of taking, or that provided by the state law. *United States* v. *Fifty Boxes,* 92 Fed. Rep. 601.

In *National Cash Register Co.* v. *Leland,* 77 Fed. Rep. 242, it was ruled by the Circuit Court for the District of Massachusetts that the act of 1892 did not "enlarge the instances in which depositions may be taken or in which answers may be obtained upon interrogatories for use as proofs in the Federal courts;" and "was only intended to simplify the practice of taking depositions by providing that the mode of taking in instances authorized by the Federal laws might conform to the mode prescribed by the laws of the State in which Federal courts were held;" and this was approved by the Circuit Court of Appeals for the First Circuit. 94 Fed. Rep. 502. The conclusions announced by the Circuit Court of Appeals for the Fifth Circuit in *Texas & Pacific Railway Co.* v. *Wilder,* 92 Fed. Rep. 953, and by the Circuit Court for the District of Kansas in *Shellabarger* v. *Oliver,* 64 Fed. Rep. 306; for the District Court of Indiana in *Tabor* v. *Indianapolis Journal,* 66 Fed. Rep. 423; for the Western District of Missouri in *Seeley* v. *Kansas City Star,* 71 Fed. Rep. 554; for the Eastern District of Pennsylvania in *Despeaux* v. *Pennsylvania Railroad Company,* 81 Fed. Rep. 897; for the Eastern District of Missouri in *Zych* v. *American Car & Foundry Company,* 127 Fed. Rep. 723, are to the same effect. The decision of the Circuit Court in this case is to the contrary, 101 Fed. Rep. 306, and was concurred in by the Circuit Court for the Northern District of Washington in *Smith* v. *Northern Pacific Railway Company,* 110 Fed. Rep. 341.

In *Camden & Suburban Railway Company* v. *Stetson,* 177 U. S. 172, October term, 1899, the question of the power of

thë Circuit Court for the District of New Jersey under a statute of New Jersey providing therefor, was under consideration, and the power sustained. The validity of the statute had been affirmed by the Supreme Court of New Jersey, and in the course of the opinion of this court it was said: "The validity of a statute of this nature has also been upheld in *Lyon* v. *Manhattan Railway Company*, 142 N. Y. 298, although the particular form of that statute would probably be regarded as conflicting with the law of Congress in relation to the examination of a party as a witness before trial, and hence might not be enforced in courts of the United States sitting within the State of New York."

Section 873 of the New York Code of Procedure provided that "in every action to recover damages for personal injuries, the court or judge, in granting an order for the examination of the plaintiff before trial may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination;" and in *Lyon* v. *Manhattan Railway Company*, the Court of Appeals held that the physical examination could only "be procured in the same way and as part of the examination of the party before trial;" that it could not be had apart from and independent of the examination before trial. The reference to the New York statute in *Camden & Suburban Railway Company* v. *Stetson*, so far as it goes, indicates the opinion of the court that the ruling in *Ex parte Fisk* remained unaffected by the act of March 9, 1892, in any substantial particular. We think that that ruling applies, and that the question must be answered in the negative.

*So ordered.*