## MILLS v. PROVIDENCE BELTING CO.

### (Circuit Court, D. Rhode Island. May 12, 1906.)

### No. 2,720.

DISCOVERY—INSPECTION OF PREMISES BY ADVERSE PARTY—STATE STATUTE.

Section 372, p. 107, of the court and practice act of Rhode Island of 1905, which requires a defendant to allow a reasonable inspection of its premises, is applicable to actions at law for a personal injury in a federal court within the state, and violates no constitutional right of a defendant.

On motion by plaintiff to view and examine place and cause of injury.

John A. Tillinghart, for plaintiff.
Vincent, Boss & Barnefield, for defendant.

BROWN, District Judge. The plaintiff moves that the attorneys of record of the plaintiff may be permitted, with experts, to view and examine the place and cause of the injury mentioned in the declaration. The plaintiff relies upon section 372, p. 107, of the Court and Practice Act of the state of Rhode Island, passed by the General Assembly at its January session, 1905. I am of the opinion that that section is applicable to actions at law pending in this court, and that a requirement that the defendant shall allow a reasonable inspection of its premises violates no constitutional rights of the defendant. Camden Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721; Montana Co. v. St. Louis M. & M. Co., 152 U. S. 160, 14 Sup. Ct. 506, 38 L. Ed. 398. It is familiar practice to order a view of private premises; and, if it be permissible to require a defendant to submit to an examination of its premises by a jury at the time of trial, I see no reason for applying a different rule to an application of this character, made before the actual trial. The defendant is, of course, entitled to insist that this examination shall be at a reasonable time, and upon suitable terms and conditions. In case such time, terms, and conditions cannot be agreed upon, they will be determined by the court.

Motion granted.