MORRIS & CO. v. SKANDANAVIA INS. CO., Limited.

(District Court, S. D. Mississippi, S. D. February 12, 1927.)

Courts ⊂⊐350—State statute, authorizing taking of testimony of nonresident party by interrogatories, held not applicable to law action in federal court (Hemingway's Code Miss. § 1598; U. S. Comp. St. §§ 1468, 1476, 1537).

Code 1906 Miss. § 1938 (Hemingway's Code Miss. § 1598), authorizing taking of testimony of nonresident adverse party by interrogatories filed in clerk's office, on penalty of suffering default judgment, or having bill taken as confessed for refusal to answer interrogatories within reasonable time, in view of Rev. St. §§ 861, 914 (U. S. Comp. St. §§ 1468, 1537), held not applicable to action at law in federal court, even where such nonresident lives more than 100 miles from place of trial, notwithstanding Act March 9, 1892 (U. S. Comp. St. § 1476), and motion to strike interrogatories from files will be sustained.

At Law. Action by Morris & Co., a corporation, against the Skandanavia Insurance Company, Limited. On defendant's motion to strike from the files the interrogatories propounded to defendant by plaintiff under Code Miss. 1906, § 1938 (Hemingway's Code, § 1598). Motion sustained.

Green, Green & Potter, of Jackson, Miss., for plaintiff.

Pillans, Cowley & Gresham, of Mobile, Ala., and Leathers & Sykes, of Gulfport, Miss., for defendant.

HOLMES, District Judge. This is an action at law on a policy of insurance against a nonresident corporation. Section 1938 of the Mississippi Code of 1906 (section 1598 of Hemingway's Code) provides:

"If the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed."

Under the section just quoted, the plaintiff propounded to the defendant, by filing the same in the clerk's office, elaborate interrogatories, which the defendant has moved to strike from the files as unwarranted by the practice in this court.

The Mississippi Supreme Court has held

the section constitutional and applicable to actions at law, as well as suits in equity, and that a corporation can be compelled to answer such interrogatories by its proper officer or agent. Illinois Central Railroad Co. v. Sanford, 75 Miss. 862, 23 So. 355, 942. Similar statutes have been quite commonly enacted by other states in the Union, and frequently have been before the federal courts in an attempt to adopt the state practice under the Conformity Act (Revised Statutes, § 914 [Comp. St. § 1537]).

In 1885 the Supreme Court held, in Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117, that a similar New York statute, permitting a party to a suit to be examined by his adversary as a witness at any time previous to the trial in an action at law, was in conflict with a provision of section 861 of the Revised Statutes of the United States (Comp. St. § 1468), which enacts that the mode of proof shall be by oral testimony in open court, with certain exceptions, none of which were found to provide for such an examination in advance of the trial as the statute of New York permitted.

The case is directly in point here, but it is contended that subsequent congressional legislation has made a material change in the ruling therein announced. In 1892 Congress passed an act, entitled "An act to provide an additional mode of taking depositions of witnesses in causes pending in the courts of the United States." Act March 9, 1892, c. 14 (U. S. Compiled Statutes of 1916, § 1476). The act provides:

"In addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

The latter statute was considered by the Supreme Court in Hanks Dental Association v. Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989, and the court held that it did not repeal or modify section 861 of the Revised Statutes, or create any additional exceptions to those specified in the subsequent sections, by enlarging the causes or grounds for taking depositions, and is not supplementary to section 914 of the Revised Statutes. The court said:

"In short, the courts of the United States are not given discretion to take depositions not authorized by federal law, but, in respect of depositions thereby authorized to be taken, they may follow the federal practice in the manner of taking, or that provided by the state law."

The fact that the defendant resides more than 100 miles from the place of trial does not alter the question. I conclude that the Mississippi statute in question is not applicable to an action at law in the federal courts, and the motion to strike the interrogatories from the files should be sustained. National Cash Register Co. v. Leland (C. C. A.) 94 F. 502; Smith v. International Mercantile Co. (C. C.) 154 F. 786.

It is so ordered.