## GIMENES v. NEW YORK & PORTO RICO S. S. CO.

District Court, S. D. New York. December 31, 1929.

Walter & Wolff, of New York City (Edwin R. Wolff, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (R. H. Caldwell, of New York City, of counsel), for defendant.

WOOLSEY, District Judge. This motion is granted to the extent and on the conditions mentioned at the end of this opinion.

In this case, in which the issue was joined on May 20, 1929, the plaintiff has brought an action under section 33 of the Merchant Marine Act of June 5, 1920 (46 USCA § 688), commonly known as the Jones Act, claiming to have been injured on March 2, 1929, at 2 p. m. on board a vessel of the United States called the Huron, alleged to be owned by the defendant, whilst the vessel was on the high seas off Santo Domingo, when the plaintiff in the course of his duties as fireman in the boiler room was slicing one of the fires with a steel bar.

The injury to the plaintiff was caused by sparks which flew out from the fire, and which are claimed to have blinded both his eyes.

It is claimed that the defendant, as alleged owner of the ship, failed to maintain the dampers connected with the lower furnace on the starboard side of the vessel in good order and condition so that they might be closed, and that the defective condition of the dampers prevented their being closed, with the consequence that whilst the plaintiff was slicing the fires in pursuance of his duties as fireman sparks flew out into the plaintiff's eyes by reason of the draft created by the defective damper.

The defendant's answer is a general denial with affirmative pleas that the accident was caused or contributed to by the plaintiff's own negligence, and the further plea of assumption of risk by the plaintiff.

The object of the motion is to have a survey and an inspection of the furnaces and the damper on the Huron where the accident is alleged to have occurred and to take photographs thereof, in order that the plaintiff's attorney may be in a position to describe the locus in quo of the accident clearly and coherently to the court and jury.

It is regrettable that in the period between the commencement of an action on the law side of this court—or the removal of a law action from the state court to this court—and the trial of the case, this court is unable to do much to facilitate the preparation of either party for the trial.

There is not any right to secure an examination before trial in the District Courts of the United States, although the local state law may so provide. The reason for this is that the statutes of the United States, Rev. St. §§ 858–877, now 28 USCA §§ 631–655, provide the method by which evidence may be taken and witnesses subpœnaed in a trial at common law in the federal courts. By the terms of those statutes, Congress has prescribed the only procedure to be followed in securing evidence for a trial at law in the federal courts thus limiting the effect of the Rev. St. §§ 721 and 914 (28 USCA §§ 724, 725). Ex parte Fisk, 113 U. S. 713, 718–727, 5 S. Ct. 724, 28 L. Ed. 1117; Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734; Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 307, 24 S. Ct. 700, 48 L. Ed. 989.

Section 636 of title 28 of the United States Code (28 USCA § 636), which is the same as the Revised Statutes § 724, is derived from the Act of September 24, 1789, c. 20, § 15, and provides as follows: "*Production of Books and Writings.* In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

The Supreme Court held in Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842, that the words of this section "in the trial" meant "at the trial" of the case and reversed a judgment entered in this district, and affirmed by the Circuit Court of Appeals for the Second Circuit, against a defendant for failing to produce books and papers before the trial in pursuance of an order of this court.

There is, therefore, at present no method of discovering books or papers before trial on the law side of this court.

In Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734, it was held that the defendant in a personal injury case could not have a physical examination of the plaintiff in invitum where the law of the state in which the federal court was sitting did not provide for such an examination

because the common law considered that a physical examination of a party or an entry in his premises for inspection was a trespass. Newham v. Tate, 1 Arn. 244, 6 Scott, 574; Turquand v. Strand Union, 8 Dowl. 201, 4 Jur. 74, cited in the Botsford Case, 141 U. S. at page 254, 11 S. Ct. 1000, 35 L. Ed. 734. ■ If, however, the state law does provide for such an examination, the federal court has power to order such an examination. Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 177, 20 S. Ct. 617, 44 L. Ed. 721. This power is stated to be derived from sections 725 of title 28 of the United States Code (28 USCA § 725), which is the same as section 721 of the Revised Statutes, and which reads as follows: *"Laws of States as Rules of Decision.* The Laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." This was derived from the Act of September 24, 1789, c. 20, § 34.

There is, however, some question as to whether the power to order a physical examination exists where the physical examination of the plaintiff is necessarily involved under state law with the taking of oral evidence. Cf. Ex parte Fisk, 113 U. S. 713, 718, 727, 5 S. Ct. 724, 28 L. Ed. 1117, and Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 310, 24 S. Ct. 700, 48 L. Ed. 989.

It is perfectly clear from these decisions that the taking of any oral evidence before trial to be used on the trial, except in the manner provided by the statutes of the United States, is forbidden for the reason stated in Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117, i. e., because of the provision of section 861 of the Revised Statutes, now section 635 of title 28 of the United States Code (28 USCA § 635), which reads: "The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided."

The other methods covered by this proviso are contained in subsequent sections of title 28 of the United States Code which make provision for the taking of testimony by deposition de bene esse, for taking of testimony under commission on a dedimus potestatem, and for the preservation of evidence under a bill to perpetuate testimony on the equity side of the court. 28 USCA §§ 639–646.

The relief sought in this motion, however, does not involve the taking of oral evidence to be used at the trial, nor the production of documents before the trial. It involves merely the inspection and survey of the place where the alleged injury is claimed to have occurred and the instrumentality which is alleged to have caused it.

Apparently it involves a matter of practice not covered by any Congressional legislation. The plaintiff asks interlocutory relief in a free zone.

It seems to me, therefore, that this application is comparable to the right which is recognized in the case of Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 S. Ct. 617, 44 L. Ed. 721, to have a physical examination of the plaintiff before trial, provided the state laws allow such an examination.

I cannot see any distinction between the inspection sought here and the physical examination of a plaintiff before trial. This is in aid of the preparation of the plaintiff's case, and the other is in aid of the preparation of the defendant's case. Both forms of interlocutory discovery are in aid of clearness and coherence on the trial.

I have as a source of my power to allow this motion either section 725 of title 28 of the United States Code (28 USCA § 725), which was quoted above and on which the case of Camden & Suburban Railway v. Stetson, 177 U. S. 172, 174, 20 S. Ct. 617, 44 L. Ed. 721, seems to have been based, or the so-called Conformity Act, formerly Rev. St. § 914, and now section 724 of title 28 of the United States Code (28 USCA § 724).

I think that the latter section is peculiarly applicable to a practice question of this kind.

It reads as follows: *"Conformity to Practice in State Courts.* The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

Section 324 of the Civil Practice Act of the State of New York provides as follows: *"Power of Court to Require Discovery.* A court of record, other than a justices' court in a city, by order may compel a party to an action pending therein to produce and discover, or to give to the other party, an

inspection and copy, or permission to take a copy or photograph of a book, document, or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein. [The procedure for obtaining such order shall be regulated by rules.]"

In pursuance of the powers granted to the New York Courts this act was supplemented by rules 140 and 141 of the Rules of Civil Practice of the New York Supreme Court. These rules read:

"Rule 140. *Application for Discovery:* A party to an action may apply to the court for an order requiring an adverse party to show cause why he should not be compelled to produce and discover, or to give an inspection and copy of, or permission to take a copy or photograph of, a book, document, paper, machine or other article, or to make a discovery of any article or property in his possession or under his control, relating to the merits of the action or of the defense therein. Such order to show cause shall be granted on an affidavit showing that the book, document, paper, machine, article or property whereof discovery or inspection is sought is not in the possession or under the control of the party applying therefor but is in the possession or under the control of the party against whom discovery or inspection is sought, or of his agent or attorney."

"Rule 141. *Hearing of Application; Order.* On the return of such order to show cause, the court shall make such an order with respect to the discovery or inspection prayed for as justice requires. The order for discovery or inspection shall specify the time, place and manner in which it is to be made. The order may stay any other proceedings in the action until such order shall have been complied with or vacated."

Section 324 of the Civil Practice Act is derived from section 803 of the Code of Civil Procedure. Under that section of the Code of Civil Procedure it has been held that the inspection of premises and the photographing of premises are allowable. Chojnacki v. Interborough Rapid Transit Co., 76 Misc. Rep. 427, 134 N. Y. S. 1090; Dugan v. American Transfer Co., 160 App. Div. 11, 145 N. Y. S. 31; Donoghue v. Callanan, 152 App. Div. 162, 163, 136 N. Y. S. 657.

We are not without precedents in the federal court for this relief. Wilson v. New England Navigation Co. (D. C.) 197 F. 88, 89; Mills v. Providence Belting Co. (C. C.) 145 F. 447.

The reason for these decisions is that, where Congress has not legislated, the Conformity Act functions, and as Congress has not legislated on the subject of physical examination of a plaintiff or inspection of premises, the federal court is free to grant such relief in order to permit clarity in the presentation of the evidence to be given at a trial and conform "as near as may be" to the more enlightened practice of the state courts which have adopted modern methods.

Furthermore, I feel that I am supported in my views on this motion by the decision of Judge Learned Hand in the case of Donnelly v. Anderson, Brown & Co. (D. C.) 275 F. 438, where he allowed an examination before trial of a defendant solely to assist the plaintiff in framing his pleading and not for the purpose of taking testimony for use on the trial.

This is similar in principle to the purpose of the motion here, which is to secure a clearer presentation of the plaintiff's case to the jury by having the locus in quo understood by the plaintiff's attorney, and by having the dimensions thereof accurately taken so that they can be testified to by such surveyor as the plaintiff may care to have present at the inspection.

Ships, however, are sui generis, and the allowance of a motion of this kind must be hedged about by such conditions and limitations as will prevent any detention of the defendant's vessel and consequent damage to the defendant.

Accordingly I prescribe the following limitations and conditions which must be embodied in the order granting the motion:

1. The inspection and survey of the furnaces in the boiler room of the steamship Huron by the plaintiff must be arranged for a time between 9 a. m. and 4 p. m.

2. There must be three days' notice served on the attorneys for the defendant giving the names of the persons who will be present, stating the hour and day of the proposed survey which the plaintiff wishes to make of the furnaces in the boiler room of the steamship Huron.

3. The plaintiff, one of his attorneys, one surveyor representing him, and one photographer with a helper, may attend on board for the purpose of making this inspection.

4. The defendant may send to the survey whomsoever it pleases.

5. Evidence of the condition found at the time of the survey shall not be admitted at the trial because such evidence would be

of conditions after the accident, and, hence, not admissible. Columbia & Puget Sound Railway v. Hawthorne, 144 U. S. 202, 206, 12 S. Ct. 591, 36 L. Ed. 405.

6. The only matters discovered on this inspection, as to which evidence may be offered at the trial, shall be the measurement, plans, and construction of the boiler and of its damper and photographs taken in the presence of both parties at the time of such inspection.

7. The report or survey and any photographs taken shall be used solely for the purpose of informing the court and jury on the trial as to the measurements, plans, and construction of the boiler and the damper.