## HEISTER v. LEHIGH & N. E. R. CO.

District Court, S. D. New York.
June 27, 1931.

Thomas J. O'Neill, of New York City (Charles D. Lewis, of White Plains, N. Y., of counsel), for plaintiff.

Wellman, Smyth & Scofield, of New York City (Herbert C. Smyth, Jr., of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

I grant the motion of the plaintiff in so far as it asks for an order directing the defendant to serve a bill of particulars as to the basis of its affirmative defenses of contributory negligence and assumption of risk, and I also grant the stay asked for as the fourth relief sought.

I deny the motion for dedimus potestatem and for an order for the taking of depositions of the witnesses named.

I am, however, granting the plaintiff relief in another form, as hereinafter described, which seems to me appropriate in view of the peculiar circumstances of this case.

I. This is an action at law brought by Mrs. Laurine Heister, as administratrix of her husband, Charles A. Heister, who is alleged to have been an employee of the defendant railroad company as a yard conductor in its yard at Tamaqua, Pa., on February 17, 1931.

The action is brought under the provisions of title 45, U. S. C., § 51 (45 USCA § 51), of the Employers' Liability Act. The plaintiff claims that the accident in which the plaintiff's intestate was killed occurred in interstate commerce.

The defendant in answering has filed a general denial and, for affirmative defenses, has set up contributory negligence and assumption of risk.

On May 1, 1931, at the instance of the defendant's attorneys, I granted a motion for a bill of particulars requiring the plaintiff to set forth the following details in regard to her claim:

"1. The facts upon which the plaintiff bases her claim that the plaintiff's intestate was engaged in interstate commerce at the time and place alleged in paragraph 4 of the complaint.

"2. In what respect the defendant 'caused and permitted one of its locomotives, together with the parts and appurtenances thereof, to be and remain in an improper condition', specifying separately and by nomenclature or by description sufficient to identify each part, the parts and appurtenances claimed to be improper, and specifying the nature and extent of the condition that is characterized in paragraph 7 of the complaint as improper.

"3. State by number or by description sufficient to identify what locomotive is referred to in paragraph 7 of the plaintiff's complaint.

"4. In what manner the said locomotive was unsafe to operate, as set forth in paragraph 7 of the plaintiff's complaint."

II. The contention of the plaintiff, in the affidavit on which the present motion is based, is that she is unable to give the verified bill of particulars as required above, because she has not sufficient knowledge of the circumstances of the accident, but that the circumstances of the accident are known to certain employees and officers of the defendant, whose testimony the plaintiff requests may be secured by dedimus potestatem or by deposition before she is required to file her bill of particulars.

Inasmuch as the alleged place of residence of the witnesses, whose evidence is desired, is claimed to be more than one hundred miles from the place of trial, the plaintiff is free to take depositions if she wishes. Under such circumstances a dedimus potestatem will not be granted. Henning v. Boyle (C. C.) 112 F. 397; Turner v. Shackman (C. C.) 27 F. 183, 184.

If she serves a proper notice for taking these depositions, she will be able to procure subpoenas thereon by appropriate application to the United States District Court of the district in which the depositions are to be taken, compelling the attendance of witnesses. Henning v. Boyle (C. C.) 112 F. 397, 398.

In view of the circumstances here, however, I think that I have an opportunity of granting an alternate form of remedy which

may serve the plaintiff's purposes as well, if not better.

III. In the case of Gimenes v. New York & Porto Rico Steamship Co. (D. C.) 37 F. (2d) 168, I had occasion to deal at some length with the interlocutory relief in preparation for trial which could be given at law in a federal court, and I there allowed the examination under certain named restrictions of a boiler room of a steamship in which an accident was alleged to have occurred.

I called attention in my opinion in that case to the decision of Judge Learned Hand in the case of Donnelly v. Anderson Brown & Co. (D. C.) 275 F. 438, in which he allowed an examination of the defendant before trial solely to assist the plaintiff in framing his pleading and not for the purpose of use at the trial.

Except as permitted under the limitations of the statute for the taking of depositions de bene esse and title 28, U. S. C., § 639 (28 USCA § 639), there is not any method of examining witnesses before trial in a case at law in the federal courts, so that their evidence may be used on the trial. Cf. Ex parte Fisk, 113 U. S. 713, 718–727, 5 S. Ct. 724, 28 L. Ed. 1117; Union Pacific Railway Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734; Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989; Gimenes v. New York & Porto Rico Steamship Co. (D. C.) 37 F.(2d) 168, 169.

IV. Proper bills of particulars assist much in narrowing the issues for trial. I think, therefore, that in a case of this kind, it is most important that the plaintiff should explain fully the circumstances on which she bases her claim that the Employers' Liability Act (45 USCA §§ 51–59) applies. But when, as here, the plaintiff gives satisfactory reasons for not being able to state the circumstances in detail, I think it is appropriate to extend the doctrine which Judge Hand laid down in Donnelly v. Anderson Brown & Co. (D. C.) 275 F. 438, and hold, as I now do, that in order to be able to frame the bill of particulars, which has been ordered, the plaintiff may have an examination before trial of the defendant, its agents or employees, to enable the plaintiff to give the particulars required, although, of course, in view of the decisions above referred to, any evidence secured on such an examination cannot be used at the trial of this action, and the order to be entered hereunder must so provide.

The order must also contain a provision requiring the defendant, on five days' notice to its attorneys, to afford the plaintiff's attorneys a full opportunity of taking the evidence of such witnesses in the defendant's employ as the plaintiff may name, or describe by naming the positions which they occupy.

The order may also contain a stay of all proceedings under the order requiring a bill of particulars from the plaintiff for a period of sixty days from the date of the service of this order on the defendant's attorneys.

V. The statutory right, under title 28, U. S. C., § 639 (28 USCA § 639), to take depositions de bene esse which can be used at the trial, of course, remains unimpaired, and the plaintiff is quite free to avail herself of this right in the manner above suggested at any time.

Settle order on two days' notice.