## CLARKE v. GOLD DUST CORPORATION.

District Court, D. New Jersey.
March 8, 1934.

Hobart & Minard (by Ralph Cooper), of Newark, N. J., for plaintiff.

McCarter & English (by Conover English), of Newark, N. J., for defendant.

FAKE, District Judge.

The issues here arise on a motion to strike out the complaint upon two grounds. The first is an attack upon the jurisdiction in equity, and the second turns on a question of laches.

Complainant is a stockholder in the American Linseed Company, which corporation entered into a merger with the Gold Dust Corporation on December 20, 1928. The grievances of which she complains arise out of the merger. The stock which she holds was issued to her prior to the merger, and she contends that as to her the merger was unfair. The prayers of the complaint are for an accounting and a money decree. She seeks no injunctive relief.

The allegations of the bill are sufficient upon which to base an action for an accounting, and in this connection the question arises as to whether the action will lie in equity in view of section 267 of the Judicial Code (28 USCA, § 384), which provides: "suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

The complaint discloses that before we may answer the question as to the unfair or unjust treatment of complainant under the merger (which she at all times opposed), we must ascertain the value of her stock, and as well the value of that which was offered to her in return for it. This necessitates an examination of the books of the corporations involved, and many other factors which would be pertinent as elements in fixing values—a situation at once fraught with complications and involvements beyond that which a jury could adequately deal with. The conclusion, therefore, is that an action at law would not furnish an adequate remedy. Fidelity & Deposit Co. v. Fidelity Trust Co. (C. C.) 143 F. 152, at page 159; Balfour v. San Joaquin Valley Bank (C. C.) 156 F. 500; and London Guarantee & Accident Co. v. Bell Telephone Co. (C. C.) 171 F. 278.

The motion to dismiss the complaint upon the ground of laches is denied at this time because no injunctive relief is sought and that issue would be better decided after the trial of the cause.