**Herbert C. HINDLE, Plaintiff,**

v.

**NATIONAL BULK CARRIERS, Inc.,**
**Defendant.**

United States District Court
S. D. New York.
Aug. 9, 1955.

William L. Standard, New York City, Lester E. Fetell, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, Roland C. Radice, New York City, of counsel, for defendant.

DIMOCK, District Judge.

This is a motion for discovery and inspection made by plaintiff pursuant to Rule 34, F.R.C.P., 28 U.S.C. All phases of the motion except one were decided during the course of the oral argument. This opinion concerns itself only with the undecided phase of the motion.

Plaintiff seeks permission to board defendant's ship in order to take photographs and measurements of the area of the alleged occurrence of the accident which is the subject of the action. Defendant consents to this request but conditions its consent upon the demand that each person boarding the vessel pursuant to it deliver to defendant a general waiver of liability. Plaintiff resists the imposition of this condition.

Plaintiff is entitled to the relief which he asks. The only question is whether defendant is entitled to have the relief conditioned upon the waivers.

Defendant says that it is entitled to the waivers and cites orders made by Judge Learned Hand and Judge Edelstein in Jankevics v. Pope & Talbot, Inc., Civ. 50–717, and Continental Grain Co. v. S.S. Kurt Arlt, A. 185–269, respectively, in support of its contention. It is noteworthy that, in Gimenes v. New York & Porto Rico S.S. Co., D.C.S.D.N.Y., 37 F. 2d 168, where Judge Woolsey carefully considered the problem of inspection of ships by hostile litigants, he laid down many conditions but waiver of liability was not among them. Each of the orders of Judge Learned Hand and Judge Edelstein makes delivery of a waiver a condition of boarding. It does not appear, however, from defendant's papers whether the plaintiff, in the first case, or the libelants, in the second case, opposed the ships' imposition of this condition. It has been my experience that plaintiffs usually acquiesce.

Defendant argues further that since persons coming aboard its vessel pursuant to an order permitting boarding in aid of discovery would be doing so "on their own business and not that of the vessel", the owner of the vessel is entitled to protection by way of a waiver of liability. I cannot agree. It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority. The extent of that duty, whatever it is, is fixed by law. The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.

Settle order, embodying the decisions made during the oral argument as well as the decision herein, on notice.