SMITH v. INTERNATIONAL MERCANTILE CO.

(Circuit Court, D. New Jersey.)

1. COURTS—FEDERAL COURTS—DISCOVERY—EFFECT OF STATE STATUTES.

P. L. N. J. 1903, p. 537, § 140, providing that either party to a suit at law may submit interrogatories to the other concerning matters material to the issue, and that written answers shall be made thereto within 30 days, which answers shall only be evidence in the cause if offered by the party proposing the interrogatories, is inapplicable to federal courts sitting in New Jersey.

[Ed. Note.—Procedure of federal courts and adoption of state practice as to taking proof, see notes to Diamond Coal & Coke Co. v. Allen, 71 C. C. A. 10.]

2. SAME.

Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], providing that in addition to the mode of taking depositions in cases pending at law or equity in the district or circuit courts of the United States it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held, does not enlarge the causes or grounds for taking depositions for use in the federal courts.

3. SAME—INTERROGATORIES—MOTION TO STRIKE OUT.

Where interrogatories were served on defendant, to be answered by him and used at the trial of the cause in a federal court, under P. L. N. J. 1903. p. 537, § 140, authorizing such practice, which was inapplicable to the federal courts, defendant was not required to wait until the answers were offered in evidence before objecting thereto, but was entitled to raise the question of their regularity by a motion to strike.

On Motion to Strike Out Interrogatories.

Henry G. Ward and Charles E. Gummere, for the motion.
John Rellstab and A. V. Dawes, opposed.

CROSS, District Judge. The plaintiff has served upon the defendant written interrogatories, to be answered by him and to be used on the trial of the cause. Presumably they were propounded under au-

thority of section 140 of an act of the Legislature of the state of New Jersey entitled "An act to regulate the practice of courts of law" (P. L. 1903, p. 537), which provides, in substance, that either party may submit interrogatories to the other concerning matters material to the issue, that written answers shall be made thereto within 30 days, and that the answers shall be evidence in the cause if offered by the party proposing the interrogatories, but not otherwise. Motion has been made to strike out these interrogatories, on the ground "that the service of said interrogatories was not warranted by the acts of Congress constituting United States Circuit Courts, nor by the practice or procedure of the said court."

We deem it unnecessary to go into any extended discussion of the proposition, since it is well settled that such practice is not permissible in the United States courts. We do not understand that there is any question made that such interrogatories could not have been submitted, or the answers thereto given in evidence prior to the statute passed March 9, 1892, 27 Stat. 7, c. 14 [U. S. Comp. St. 1901, p. 664]. The case of Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, is decisive of this point. The act of Congress of 1892, above referred to, has not enlarged the power of the court in this respect. In Hanks Dental Assn. v. Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989, Chief Justice Fuller, speaking for the court, says, with reference to this act, that:

"It does not purport to repeal in any part or to modify section 861 [U. S. Comp. St. 1901, p. 661], or to create additional exceptions to those specified in the subsequent sections by enlarging the causes or grounds for taking depositions; and, as it is applicable alone to the taking of depositions or testimony in writing, we cannot attribute to it any such effect, nor hold, this being so, that it is supplementary to section 914 [U. S. Comp. St. 1901, p. 684]."

Farther on in the opinion he says.

"That the courts of the United States are not given discretion to make depositions not authorized by federal law, but, in respect of depositions thereby authorized to be taken, they may follow the federal practice in the manner of taking, or that provided by the state law."

National Cash Register Company v. Leland, 94 Fed. 502, 37 C. C. A. 372, and Despeaux v. Penn R. R. Co. (C. C.) 81 Fed. 897, are to the same effect. Other cases might be cited were it necessary, but these seem to give a clear exposition of the object and effect of the act of 1892, and, in view of the exposition so given, we are thrown back upon the decision in Ex parte Fisk, which controls the case now under consideration.

Plaintiff's counsel contends that these interrogatories should be treated as in the nature of a bill for discovery, and as simplifying the practice in that respect. A reference to the opinion in National Cash Register Company v. Leland, however, shows the contrary to be the law. He also suggests that the motion to strike out the interrogatories is premature, or, rather, that no objection can properly be made in the matter until the answers to the interrogatories shall be offered in evidence; but this cannot be so, since, if the submission of the interrogatories is unwarranted, the defendant may wholly disre-

gard them. If he should refuse to answer them, he could not be punished for contempt, and, if such an attempt were made, he could avail himself of the remedy adopted in Ex parte Fisk.

The interrogatories will be suppressed.