## Appeal of GUTTERMAN STRAUSS CO.          Docket No. 234.

1. A taxpayer appealing to this Board may set up as a ground of appeal from a proposed additional assessment of income and profits taxes a right to a deduction from gross income not claimed in the original return or at any hearing before the Commissioner.

2. Upon the facts before the Board in this case it is held that the Commissioner is not entitled to demand a bill of particulars.

3. The Board has jurisdiction to determine whether there was a false or fraudulent understatement of income with intent to evade tax in any case and whether the penalty found by the Commissioner should be assessed, collected, and paid.

4. The Board has jurisdiction to hear and determine appeals from deficiencies arising under the "special assessment" provisions of the Revenue Act of 1918 (*Appeal of Oesterlein Machine Co.*, 1 B. T. A. 159).

Submitted November 15, 1924; decided December 29, 1924.

*Ferdinand Tannenbaum, Esq.*, for the taxpayer.

*C. H. Curl, M. B. Leming, A. B. Peterson*, and *L. S. Cannon, Esqs.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, JAMES, MARQUETTE, SMITH, and TRUSSELL.

This appeal came on for hearing on a motion filed by the Solicitor of Internal Revenue on behalf of the Commissioner for permission to withdraw his answer previously filed therein; to eliminate paragraphs 1 and 2 of the petition on the ground that the claim asserted was not made before the Commissioner; for an order requiring the petitioner to file a bill of particulars; to strike from the petition paragraph 6 thereof which alleges error on the part of the Commissioner in failing to apply the provisions of sections 327 and 328 of the Revenue Act of 1918 in computing the profits tax for the year 1919 on the ground that the Board has no jurisdiction; and to strike from the petition paragraph 5 thereof setting forth the claim that the Commissioner erred in adding to the deficiency in tax 50 per cent of the amount thereof on the ground that the question is outside of the jurisdiction of the Board and is a question of fact to be determined by the Commissioner.

### OPINION.

SMITH: This appeal is from a determination of a deficiency by the Commissioner in income and profits taxes for the year 1919, including therein an amount of 50 per cent of the deficiency in tax on account of an alleged false or fraudulent understatement of income with intent to evade the tax. The Commissioner first filed an

answer to the petition but has now asked permission to withdraw the answer and has moved to strike from the petition certain paragraphs thereof and, if the motion for striking from the petition paragraphs 1 and 2 is denied, that the taxpayer be required to furnish a bill of particulars relative to the facts set forth in those paragraphs.

1. Paragraphs 1 and 2 of the petition which the Commissioner has asked be stricken are subdivisions 1 and 2 of Paragraph IV of the petition. These paragraphs read as follows:

1. The Commissioner of Internal Revenue erred in including as part of the gross income of the taxpayer ascribable to Government contracts for the year ending December 31, 1919, the sum of $62,339.92 without offsetting against the said amount the losses, expenditures, commitments, and facilities acquired in the purchase, acquisition, conversion, or manufacture of materials in connection with Government contracts, thus erroneously making the alleged gross income from Government contracts the alleged net income therefrom taxable at the rates prevailing for the year 1918 in accordance with the Revenue Act of 1918.

2. The Commissioner of Internal Revenue erred in failing or refusing to follow the allocation adopted by the War Department in making the settlement resulting in the payment of $62,339.92 as between materials on hand, purchase commitments, and special facilities installed or contracts for and offsetting the amount of the loss or damage against the award made.

The Commissioner contends that the claim now advanced by the taxpayer in the above-quoted paragraphs was not made before the Commissioner and can not now be considered, and that the only claim relied upon by the taxpayer in the hearings before the Commissioner was that the income received in 1919 was not taxable at 1919 rates but at 1918 rates.

From the evidence which has been presented by the taxpayer at the hearing of the Commissioner's motion it appears that under date of February 12, 1924, the Commissioner addressed a letter to the taxpayer advising it that in accordance with the provisions of . Treasury Decision 3492 its appeal from the findings of the Income Tax Unit had been transmitted to the Solicitor of Internal Revenue and that a copy of the letter of transmittal was being inclosed for the taxpayer's information. This letter of transmittal states in part:

It is the taxpayer's contention that practically all the material contracted for in connection with the Government contracts was of such specifications that it could not be profitably used in the ordinary course of business, and that a loss in addition to that taken into consideration in the award made by the Quartermaster Corps was sustained in its disposition.

From this and from other statements contained in the letter it appears that the contention which the taxpayer is now making before the Board was also made in substance before the Commissioner.

But admitting that this claim was not made before the Commissioner, the Board is clearly of the opinion that it has jurisdiction to determine the point in issue. The Commissioner has found a deficiency in tax for the year 1919. It is the duty of this Board to determine whether the amount found as a deficiency is the correct amount of the deficiency, if any.

Section 900 of the Revenue Act of 1924 in providing for the creation of this Board, defining its jurisdiction, and outlining methods of procedure to be followed in the determination of appeals coming before it, makes it clear that it is an independent agency

in the executive branch of the Government and entirely disconnected in every respect from any other administrative agency or department. It functions under the law as a tribunal before which facts must be proved. It not only finds the facts but its findings of fact are of record and are prima facie evidence in tax proceedings in all courts. The only limitation upon the procedure of the Board is that notice and an opportunity to be heard shall be given to litigants appearing before it. The Commissioner is an ordinary litigant before the Board. A case is heard before the Board as a *de novo* proceeding. This is evidenced by the above and further by the Board's power to conduct hearings in accordance with such rules of procedure as it may prescribe and by the fact that there has been given to it powers requisite to a complete examination of all witnesses and documents necessary in the disposition of any case brought before it.

The appeals over which the Board has jurisdiction are those arising under sections 274, 279, 308, and 312 of the Revenue Act of 1924. Appeals to the Board in the case of any deficiency in income taxes imposed by the Revenue Act of 1924 are provided for in sections 274 and 279. Section 280 provides that any income, war-profits or excess-profits tax imposed by the Revenue Acts of 1916, 1917, 1918, or 1921 shall be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of income taxes imposed by the Revenue Act of 1924. A taxpayer therefore has the same right of appeal under these prior acts as under the Revenue Act of 1924.

The Revenue Act of 1924 does not provide for or require that a taxpayer shall be given any hearing by the Commissioner relative to a proposed assessment of an additional tax. Under section 274(a) of the Revenue Act of 1924 it is provided that if in any case—

\* \* \* the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

This Board was not created for the purpose of *reviewing rulings made by the Commissioner* but was created for the purpose of *determining the correctness of deficiencies in tax* found by the Commissioner. If the deficiency in tax found by him is greater than the true deficiency the Board has authority to decrease it; if it is less than the true deficiency, the Board has authority to increase it (*Appeal of the Hotel DeFrance Co.*, 1 B. T. A. 28). If a taxpayer can prove to this Board that he is entitled to a deduction from gross income, the deduction will be allowed even though it has never been claimed by the taxpayer at any hearing had before the Commissioner; otherwise it would be impossible for this Board to determine the correct amount of the deficiency.

2. On behalf of the Commissioner it is requested that, if the first point be decided in favor of the taxpayer, it be required to file a bill of particulars setting forth in detail the offset claimed in order correctly to advise the Commissioner thereof so that answer may be made thereto. The taxpayer opposes this request upon the ground

that it is premature, unauthorized and is an unwarranted search for evidence.

The office of a bill of particulars is to obtain a more detailed specification of matters set forth in the pleadings. Its purpose is generally twofold, namely, first, to limit the proof and scope of inquiry at the trial, and, second, to prevent surprise.

In the instant case there is no reason to assume that the Commissioner is not apprised of the nature of the claim which is being made by the taxpayer. The memorandum of transmittal, a copy of which was forwarded by the Income Tax Unit to the Solicitor and referred to in the Commissioner's letter to the taxpayer dated February 12, 1924, clearly apprised the Solicitor of the nature of the claim made by the taxpayer. The only conceivable purpose of the request for a bill of particulars is that the Commissioner may thereby be enabled to secure evidence to combat the evidence which may be presented by the taxpayer.

In the case of *Green* v. *Delaware, Lackawana & Western Railway*, 211 Fed. 274, the court said, pages 275, 276:

As to the second contention: As the bill of particulars is applicable only to the pleadings, it follows, in the absence of a statute providing otherwise, that it may not be used to secure evidence. An examination of the specified matters to which the demand for particulars relate shows that in the main they seek light in regard, not to the cause of action stated, but to matters of evidence, and that in reality they are interrogatories. Such means of securing evidence in advance of the trial is not permitted in the Federal courts (R. S., sec. 861; U. S. Comp. St. 1901, p. 661; *Hanks Dental Association* v. *International Tooth Crown Co.*, 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989; *Smith* v. *International Mercantile Co.* (C. C.), 154 Fed. 786).

The necessity for a bill of particulars is not apparent in this case. and the motion upon this point will be denied.

3. The third point in the motion is that the taxpayer be required to strike from its petition paragraph 6 thereof which alleges error by the Commissioner in failing to apply the provisions of sections 327 and 328 of the Revenue Act of 1918 in computing the profits taxes for the year 1919 on the ground that the Board has no jurisdiction. This point of the motion will be denied in accordance with *Appeal of Oesterlein Machine Co.*, 1 B. T. A. 159.

4. The Commissioner has moved to strike from the taxpayer's petition paragraph 5 thereof which sets forth the claim that the Commissioner erred in asserting the ad valorem penalty of 50 per cent for filing a false and fraudulent return for 1919 on the ground that the question is outside the jurisdiction of the Board and is a question of fact to be determined solely by the Commissioner.

The argument made on behalf of the Commissioner in support of his contention is (1) that penalties are not part of the tax and that this Board has no jurisdiction to inquire into the imposition thereof; (2) that the sole jurisdiction of the Board is to determine the deficiency in the tax and while in so doing it automatically fixes the amount of the penalty it has no jurisdiction to determine the fact whether or not a false or fraudulent return has been filed; (3) that in the event this Board should determine that it has the right to decide if the penalty should be asserted manifest injury to the Government will be done in almost every case decided against the Government; (4) that if the Board held that the penalty could not be asserted it could not be assessed and suit could not be brought to

recover the penalty as in the case of an alleged deficiency in tax denied by the Board; (5) that in cases where criminal prosecution has been commenced or contemplated the Commissioner would be forced to produce his evidence before the Board to sustain the penalty and thus apprise the taxpayer of all his evidence.

As above indicated sections 274, 279, 308, and 312 of the Revenue Act of 1924 define the procedure for an appeal where the Commissioner finds a *deficiency in tax.* Section 275 of the Revenue Act of 1924 provides:

> Sec. 275. (a) If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of subdivisions (e) and (f) of section 274 shall not be applicable.
>
> (b) If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be *so* assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended. (Italics ours.)

In the foregoing it is provided that the 5 per cent penalty imposed by subdivision (a) shall be collected and paid " in the same manner as if it were a deficiency." A taxpayer is permitted to appeal to this Board with respect to a deficiency in tax and if the assessment, collection, and payment of the 5 per cent penalty are subject to the same provisions which obtain with respect to the assessment, collection, and payment of a deficiency in tax an appeal from a proposed assessment of a 5 per cent penalty clearly lies to this Board. Subdivision (b) states that the 50 per cent in addition to the tax where a deficiency is due to fraud with intent to evade tax " shall be *so* assessed, collected, and paid " (Italics ours). What is the meaning of the word *so* used in this subdivision? It appears to this Board that the only logical interpretation of these subdivisions is that one is dependent upon the other, and that the word *so* means that the 50 per cent addition to the tax is to be collected, assessed, and paid in the same manner as the 5 per cent penalty and that if a taxpayer is permitted to appeal to this Board from a proposed assessment of such a penalty he clearly has the same right to appeal to this Board from a proposed assessment of a 50 per cent penalty.

The meaning of section 275 is clear when taken in connection with the provisions of sections 279 and 308(g) of the Revenue Act of 1924. Section 279(a) provides in part as follows:

> If a deficiency has been assessed under subdivision (d) of section 274, the taxpayer, within 10 days after notice and demand from the collector for the payment thereof, may file with the collector a claim for the abatement of such deficiency, or any part thereof, or of any interest or *additional amounts* assessed in connection therewith, or of any part of any such interest or *additional amounts.* (Italics ours.)

Subdivision (b) then provides:

> If a claim is filed as provided in subdivision (a) of this section the collector shall transmit the claim immediately to the Commissioner who shall by registered mail notify the taxpayer of his decision on the claim. The taxpayer may within 60 days after such notice is mailed file an appeal with the Board of Tax Appeals. If the claim is denied in whole or in part by the Commissioner (or by the Board in case an appeal has been filed) the *amount,* the claim for

which is denied, shall be collected *as part of the tax* upon notice and demand from the collector, and the *amount*, the claim for which is allowed, shall be abated.    (Italics ours.)

From the words *additional amounts* in section 279, in connection with a deficiency, it is plain that Congress in the case of a jeopardy assessment under the provisions of section 279 gave this Board jurisdiction to pass upon fraud penalties.

It is clear from the provisions of section 308(g) that the penalty assessed in the case of estate taxes is the subject of review by this Board.   The subdivision provides as follows:

The 50 per centum addition to the tax provided by section 3176 of the Revised Statutes, as amended, shall, when assessed after the enactment of this act in connection with an estate tax, be assessed, collected, and paid in the same manner *as if it were a deficiency.* * * *   (Italics ours.)

The congressional intent with respect to the correct interpretation of the taxing act upon this point is shown by the following:   On page 53 of the *Statement of the Changes made in the Revenue Act of 1921 by the Treasury Draft and the Reasons Therefor* it is stated:

* * *   The proposed definition of " deficiency " also includes amounts of tax found by the Commissioner to be due on returns prepared or approved by him under section 3176, Revised Statutes, in cases in which a person, association, or corporation has failed to make a return *or has made a false or fraudulent return.*   Such amounts are not included in the definition in the existing law, although it is clear that they are properly termed a " deficiency."   The inclusion of these amounts within the term " deficiency " will permit the taxpayer to appeal from the determination of the Commissioner in such cases to the Board of Tax Appeals, and will enable the collection of interest upon amounts found to be due.   (Italics ours.)

Identically the same language is found on page 24 of the *Report of the Committee on Ways and Means of the House of Representatives*, on page 25 of the *Statement of Changes made in the Revenue act of 1921 by the House Bill prepared for the use of Committee on Finance of the Senate*, and on page 30 of the *Report of the Committee on Finance to the Senate.*

Taking up now the arguments on behalf of the Commissioner in support of the motion under consideration the Board is of the opinion that it is immaterial that penalties are not a part of the tax and have so been held by many courts.   This fact is not determinative of the question whether the Board has jurisdiction to inquire into the imposition thereof.   They are to be assessed and collected in the same manner as a deficiency in tax and inasmuch as an appeal lies to this Board from a determination of a deficiency in tax an appeal will also lie to this Board with respect to the determination of the correctness of the imposition of the penalty.

Again, the Board is of the opinion that the contention of the Commissioner that the Board has no jurisdiction to determine the the fact whether or not a false or fraudulent return has been filed is unsound.   The payment of a fraud penalty works just as great a hardship upon a taxpayer as the payment of the tax and the taxpayer should not be any more subject to an arbitrary assessment in respect of the fraud penalty than he is in respect of a deficiency in tax. This Board was created for the purpose of preventing arbitrary and unjust assessments and there can be no assumption that Congress intended that the Commissioner should be permitted to make arbi-

trary assessments of fraud penalties where he is not permitted to make arbitrary or unjust assessments of alleged deficiencies in tax.

Finally, the argument made on behalf of the Commissioner that if this Board has the right to decide whether a penalty may be asserted, manifest injury to the Government would be done in almost every case decided against the Government is without foundation. This Board is charged with the duty of upholding the Constitution and the laws of the United States to the same extent as the Commissioner and his subordinates. Where the Board holds that a penalty should not be asserted, there is no reason to assume that it should be assessed by the Commissioner in order that suit may be brought to recover the penalty. Nor is there any ground for the apprehension that in cases where criminal prosecution has been commenced or contemplated the Commissioner will be forced in advance of the criminal trial to produce his evidence before this Board to sustain the penalty, thus apprising the taxpayer of all his evidence, where it would be to the advantage of the Government that the taxpayer should not be so apprised. Such an assertion assumes that this Board will not in a proper case grant a continuance upon motion of the Commissioner pending the outcome of court action contemplated by him and will place in jeopardy the legitimate interests of the Government.

This Board is clearly of the opinion that Congress intended to and did give it jurisdiction to review a proposed assessment by the Commssioner of the 50 per cent addition to tax authorized by section 275 of the Revenue Act of 1924 upon the ground that the taxpayer has filed a false and fraudulent return.

The motion of the Commissioner is denied and the case will be restored to the general calendar for hearing in due course.