G. S. PATTERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12345. Promulgated May 27, 1929.

*Arthur C. Gunther, Esq.*, and *S. K. Bernstein, C. P. A.*, for the petitioner.

*Harold Allen, Esq.*, for the respondent.

### OPINION.

LOVE: This proceeding results from the respondent's determination of deficiencies in income tax for the years 1920 to 1923, inclusive, and the assertion of fraud penalties for the years 1919 to 1923, inclusive, in amounts as follows:

| Year | Deficiency | Penalty | Total |
|---|---|---|---|
| 1919 | Assessed. | $226.28 | $226.28 |
| 1920 | $2,625.72 | 1,312.86 | 3,938.58 |
| 1921 | 1,796.04 | 892.02 | 2,694.06 |
| 1922 | 443.71 | 221.86 | 665.57 |
| 1923 | 685.16 | 342.58 | 1,027.74 |
| | 5,550.63 | 3,041.60 | 8,592.23 |

The proceeding was originally set for hearing on May 17, 1928. Successive continuances were granted to June 20, 1928, September 19, 1928, October 23, 1928, and November 26, 1928. These continuances, with one exception, were granted when the Board was advised that the parties were negotiating a settlement. The respondent never objected to them.

October 12, 1928, the petitioner filed an application for an order to take certain depositions. At that time the appeal was set for hearing on October 23, 1928. The application was denied by order of October 18, 1928, because it had not been filed at least 30 days prior to the hearing date as required by Rule 46 (i) of the Board's rules of practice. By order of October 23, 1928, the appeal was continued to November 26, 1928. November 5, 1928, the petitioner again filed a deposition application which was denied by order of November 10, 1928, in accordance with Rule 46 (i), *supra.*

The proceeding came on for hearing on the merits on November 26, 1928. There was no appearance for the petitioner.

Since upon the record redetermination of the deficiencies in tax for the years 1920 to 1923, inclusive, is wholly dependent upon our determination of issues of fact, and the petitioner, having the burden of proof, has offered no evidence in support thereof, the deficiencies in tax determined by the respondent for each of the years mentioned are approved. *Warren M. Horner*, 5 B. T. A. 974; *Wm A. Pringle*

*et al., Executors*, 6 B. T. A. 299; *Tabor Manufacturing Co.*, 10 B. T. A. 1197; *English & Scottish Law Life Assurance Assn.*, 10 B. T. A. 454. It may be pointed out that no question of limitation has been raised.

The deficiency letter was mailed to the petitioner December 28, 1925, under the provisions of section 274 (a) of the Revenue Act of 1924 and the appeal was filed February 26, 1926, under the same section. No subsequent legislation has affected the Board's jurisdiction.

As relating to the year 1919, the deficiency letter shows only a penalty for that year.

Despite the fact that the Commissioner's notice of determination sets forth no amount as a tax for the year 1919, but only a fraud penalty for that year, the Board has jurisdiction to redetermine the matter. *Gutterman Strauss Co.*, 1 B. T. A. 243, 246.

To sustain the respondent's burden of proof in respect of the fraud penalties, as required by section 907 (a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, counsel offered in evidence and the Board tentatively accepted the following described documents, to wit:

A document purporting to be a revenue agent's report on G. S. Patterson's business, dated September 24, 1924; another such report dated April 30, 1925; another dated December 22, 1927; another report on the partnership of Johns & Patterson, dated September 24, 1924; another report dated April 15, 1924; another report of an agent, Special Intelligence Unit, relative to Rector Johns; and another report prepared in the Special Adjustment Section, all of which reports were in the nature of *ex parte* statements; they were not identified by their several authors, nor otherwise qualified as admissible evidence. No witness testified as to the matters herein set forth. Neither petitioner nor his counsel was present to object, but we do not believe we are authorized, on the issue of fraud, to receive and consider such documents as competent evidence; hence, the same is rejected. In compliance with request made at the hearing by counsel for respondent, his exception to the ruling rejecting such evidence is now allowed and noted.

The petitioner, in his petition, denies under oath that his returns were fraudulent. The burden of proving fraud was upon the respondent. While we realize the difficulties faced by the respondent in sustaining that burden under the circumstances herein involved, we do not feel warranted in accepting, as evidence of fraud, documents so patently incompetent as the reports now under discussion.

The documents discussed being all that the respondent offered to sustain his burden of proof relative to fraud, the record is now without any evidence upon that issue. We are unable, therefore,

to find that the petitioner's returns for the years 1919 to 1923, inclusive, or any of them, were fraudulent within the purview of the statute. The fraud penalties imposed by the respondent for each of the years herein involved are therefore disallowed.

*Judgment will be entered under Rule 50.*

