George M. Still, Inc. v. Commissioner.
George M. Still, Inc. v. Commissioner
Docket No. 25744.
United States Tax Court
1951 Tax Ct. Memo LEXIS 207; 10 T.C.M. (CCH) 537; T.C.M. (RIA) 51166; June 6, 1951
George R. Sherriff, Esq., and James A. Bonayne, Esq., 120 Broadway, New York 5, N. Y., for the petitioner. Joseph F. Lawless, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The respondent has determined deficiencies for the fiscal year ended July 31, 1945, as follows: Deficiency
50% Fraud
in Tax
Penalty
Declared value excess
profits tax
$ 2,503.55
$ 1,251.78
Excess profits tax
24,041.12
12,020.56
The petitioner filed its returns with the collector for the second district *208 of New York. Opinion The first question is whether the respondent by his answer has admitted that the petitioner sustained a loss from embezzlement during its fiscal year ended July 31, 1945, in the amount of $30,015.64. When this proceeding was called from a calendar of the Court for trial, the petitioner's counsel moved for decision on the pleadings. Pending the Court's ruling on the motion, neither party offered evidence, except four tax returns and a claim for refund. The Court heard argument on the motion and related matters, asked the parties to file briefs, and took this proceeding under advisement in order that the Court's time would be saved and that the parties would be relieved from proceeding with the trial if the motion of the petitioner was proper and decision could be entered on the pleadings. It appeared when this proceeding was called that the pleadings were not clear, and that it would be necessary for the Court to dispose of the question relating to the pleadings first. After due cnsideration it is concluded that the respondent has not admitted that a loss from embezzlement of funds was sustained by the petitioner during its fiscal year ended July 31, 1945. *209 The respondent, however, has admitted by his answer that two officers of the petitioner embezzled $30,015.64 from its current receipts from sales during the fiscal year involved. In this state of the pleadings, the petitioner has the burden of proving that it sustained a loss in the fiscal year involved, which provides cause for restoring this proceeding to the circuit calendar in New York City for trial on the issue. See Commissioner v. Wilcox, 327 U.S. 404. The respondent has made affirmative pleadings which present the question whether the original returns of the petitioner for the fiscal year ended July 31, 1945, filed on October 15, 1945, were false with intent to evade tax because of understatement of income received in the amount of $30,015.64. Under this affirmative pleading, the respondent has the burden of proof. This proceeding will be restored to the calendar to receive the respondent's evidence under the issues raised by his answer. With respect to the fraud penalties which have been determined under section 293(b) of the Code, the petitioner has contended that no penalties can be sustained because it is alleged that there are no deficiencies in taxes *210 to which the penalties can be added. In support of this contention, the petitioner relies upon the following facts which are before us because they are admitted by the pleadings and appear from exhibits which have been received in evidence. The petitioner discovered the defalcations of its two officers and demanded and received full restitution thereof. Thereafter, on or about October 17, 1946, amended returns were filed by the petitioner for the fiscal year ended July 31, 1945, for corporation income and declared value excess profits tax and excess profits tax, in which the entire income received during the fiscal year from sales was reported so that the income reported included the sum of $30,015.64. The petitioner, in the amended returns, did not claim a loss deduction of $30,015.64, reported additional taxes due, and paid additional taxes with the amended returns - $2,503.55, declared value excess profits tax, and $23,818.91, excess profits tax. On August 12, 1949, the respondent mailed the petitioner a notice of deficiency with respect to the fiscal year ended July 31, 1945, in which he determined that there were deficiencies in declared value excess profits tax and in excess *211 profits tax in the respective amounts of $2,503.55 and $24,041.12; that with respect to part of the deficiency in excess profits tax, to wit, $222.21, there was no fraud, but that the balance of the deficiency - $23,818.91 - was due to fraud; and that fraud penalties were due under section 293(b) of the Code in the respective amounts of $1,251.78 (50 per cent of $2,503.55) and $12,020.56 (50 per cent of $24,041.12). The petitioner contends that, except for a deficiency of $222.21 in excess profits tax which it agrees is due, there were no deficiencies in taxes because amended returns were filed and additional taxes were paid, as set forth above, before the notice of deficiency was mailed. We must reject this contention of the petitioner under the following authorities: Arlette Coat Co., Inc., et al., 14 T.C. 751; Harry Sherin, et al., 13 T.C. 221; Aaron Hirschman, 12 T.C. 1223; Maitland A. Wilson, 7 T.C. 395; Garden City Feeder Co., 27 B.T.A. 1132 (reversed on other grounds) [75 Fed. (2d) 804]; Thomas J. McLaughlin, 29 B.T.A. 247; G. S. Patterson, 16 B.T.A. 716. The petitioner's motion *212 for decision on the pleadings is denied. The respondent filed a motion in this proceeding alleging that the petitioner had failed to state clear and concise assignments of error under Rule 7(c)(4)(E) of the Court's Rules, after which the petitioner filed an amended petition; the respondent filed answer to the amended petition; and the petitioner filed reply to the answer. The issue raised by the amended answer is that the respondent erred in failing to allow a "reduction" of income by the sum of $30,015.64 for sums embezzled from the petitioner during the fiscal year ended July 31, 1945; but in the statement of facts in paragraph 5 of the amended petition, the petitioner alleges that the embezzlement during the fiscal year was "from receipts from current sales by Petitioner * * *." This pleading is admitted by the respondent, which has resulted in lack of clarity in the pleadings. Respondent regards the question raised to be whether the petitioner sustained a loss from embezzlement during the fiscal year in question. That issue would involve section 23(f) of the Code. The question whether the income of petitioner should be "reduced" arises from the deficiency notice, wherein it is *213 stated by the respondent that he has determined that the sales of petitioner were "understated" in the amount of $30,015.64. That determination presents a question under section 22(a). The petitioner appears to admit that its current receipts from sales included $30,015.64. The pleadings require clarification. Therefore, under Rule 18 of the Court's Rules, the Court, on its own motion, orders the petitioner to clarify its pleadings so as to allege clearly (1) whether or not its income should include for the fiscal year ended July 31, 1945, proceeds from sales in the amount of $30,015.64; and (2) whether or not the petitioner is entitled to deduction for the same amount, and for what reason. The petitioner is allowed 15 days from the date hereof to file a second amended petition; the respondent is allowed 15 days from the date on which a second amended petition is filed to file a second amended answer; and the petitioner is allowed 10 days from the date of the filing of the second amended answer to file an amended reply. An Order will be entered restoring this proceeding to a circuit calendar for trial upon the issues.