Jacob J. Schwartzwald, J.
In this action for personal injuries sustained by plaintiff while working in a hold of the S'. S. Shinnecoclc Bag, which was moored at a pier in Brooklyn, New York, plaintiff moves for an order directing defendants (1) to furnish plaintiff with copies of certain medical reports, and (2) to permit plaintiff, his attorneys, engineers, architects, draftsmen and other employees and photographers, to examine and photograph the hold in the vessel where plaintiff fell and was injured and adjacent parts to the said hold. Defendants having delivered copies of the medical reports prior to the return of the motion, this phase of the motion has been withdrawn.
Defendant Veritas Steamship Company, Inc., the owner of the vessel, opposes plaintiff’s application for the unlimited right to take photographs aboard the vessel, alleging that it is now in ‘ ‘ moth balls ’ ’ at Baltimore, Maryland. Defendant states that it will consent to the discovery and inspection subject to certain conditions which will be disposed of seriatim.
1. Defendant urges that plaintiff, his attorney and any surveyor or photographer employed by plaintiff or his counsel, execute the alleged customary “ waivers of liability ” releasing *46 defendant from liability for injuries sustained while on the vessel. In support of its claim that it is entitled to such “waivers of liability”, defendant in its brief refers to two unpublished orders of the United States District Court, Southern District of New York, where such a condition was imposed. Research has failed to disclose any discussion of this problem by any State court. The only reported case which discusses the two instances referred to by defendant is Hindle v. National Bulk Carriers, 18 F. R. D. 198, where the court stated:
“Plaintiff seeks permission to board defendant’s ship in order to take photographs and measurements of the area of the alleged occurrence of the accident which is the subject of the action. Defendant consents to this request but conditions its consent upon the demand that each person boarding the vessel pursuant to it deliver to defendant a general waiver of liability. Plaintiff resists the imposition of this condition.
* * *
‘ ‘ Defendant says that it is entitled to the waivers and cites orders made by Judge Learned Hand and Judge Edelstein in Jankevics v. Pope & Talbot, Inc. Civ. 50-717, and Continental Grain Co. v. S. S. Kurt Arlt, A. 185-269, respectively, in support of its contention. It is noteworthy that, in Gimenes v. New York & Porto Rico S. S. Co., D. C. S. D. N. Y., 37 F. 2d 168, where Judge Woolsey carefully considered the problem of inspection of ships by hostile litigants, he laid down many conditions but waiver of liability was not among them. Each of the orders of Judge Learned Hand and Judge Edelstein makes delivery of a waiver a condition of boarding. It does not appear, however, from defendant’s papers whether the plaintiff, in the first case, or the libellants, in the second case, opposed the ships’ imposition of this condition. It has been my experience that plaintiffs usually acquiesce.
“ Defendant argues further that since persons coming aboard its vessel pursuant to an order permitting boarding in aid of discovery would be doing so ‘ on their own business and not that of the vessel ’, the owner of the vessel is entitled to protection by way of a waiver of liability. I cannot agree. It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority. The extent of that duty, whatever it is, is fixed by law. The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.”
*47 This court is persuaded hy the reasoning of Mr. Justice Bimock in the Hindis, case (supra) and, accordingly, the request for the imposition of this condition is denied.
2. The inspection and photographing mnst take place at a time to he fixed in the order.
3. The sailing of the vessel shall not be delayed by the taking of photographs. If defendant intends to place the vessel in active service it shall give to plaintiff at least 60 days’ notice before sailing.
4. Plaintiff shall take photographs of Hold No, 1 and the area immediately adjacent to- the said hold. The purposes for which the photographs may be used are to, he determined hy the trial court. (Canty v. Great Lakes Transit Corp., 2 F. R., D. 156 ; Mulligan v. Eastern S. S. Lines, Inc.,6 F. R. B. 601, 666;, Canter v. American Cyanimid Co.., 5 A D 2d 513.)
5. Befendant has not shown how it. would be prejudiced if the inspection and photographing of the vessel were delayed until July, 1960, as requested hy plaintiff. Accordingly, plaintiff is allowed until July 15, 1960 to make the inspection and take the photographs, on a date to be fixed in the- order.,
6. Plaintiff, one'attorney and no. more than three other persons on behalf of plaintiff may participate in the inspection and photographing,
7. There- is, no merit to plaintiff’s, contention that the defendants should pay the cost of transporting and housing? plaintiff, his attorney and other persons, who. will go- to Baltimore to. make the inspection.
Settle order on notice.