OPINION OF THE COURT
Burton S. Sherman, J.
This is a motion to strike defendant’s answer for failure to comply with an order of this court, dated May 28, 1981, which, pursuant to CPLR 3120, granted plaintiffs discovery and inspection of defendant’s premises. The only issue is whether the plaintiffs’ counsel and their expert must execute a general waiver of liability before the defendant permits such inspection of its property.
This is a personal injury action, assigned to this court, involving a fall from a crane at defendant’s plant. During extensive pretrial proceedings, involving formal motions and informal conferences, this court directed an inspection of defendant’s premises and crane. Thereafter, the court received assurance from the defendant that arrangements were being made to comply with the inspection order. However, the court has since been informed by plaintiffs’ counsel that defendant now refuses to permit inspection unless plaintiffs’ counsel and their experts execute a general waiver of liability.
It is now recognized that liberal disclosure results in more efficient trials and is a significant aid to the court in effectively and fairly disposing of litigation (3 A Weinstein-Korn-Miller, NY Civ Prac, par 3101.01, p 31-38). For this *1004 reason the Legislature, when enacting the Civil Practice Law and Rules, permitted greater disclosure than had previously been granted under the Civil Practice Act. (Welch v Globe Ind. Co., 25 AD2d 70, 72.) Attempts, therefore, to thwart discovery should be discouraged and broad inquiry encouraged. This policy was earlier recognized in the Federal Rules of Civil Procedure and in the Federal courts. In Hindle v National Bulk Carriers (18 FRD 198) the defendant required that the plaintiff deliver a general waiver of liability before permitting inspection of its vessel. The defendant argued that since the plaintiff would be coming on board of the vessel, “‘on their own business’” the owner of the ship was entitled to a waiver of liability (p 199). In granting discovery and inspection pursuant to rule 34 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix), Judge Dimock stated (p 199), “It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority. The extent of that duty, whatever it is, is fixed by law. The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.” The same reasoning is applicable in the case before me. (See, also, Melis v Veritas S.S. Co., 23 Misc 2d 45.)
Accordingly, the motion is granted unless discovery is permitted and the inspection held within 30 days of the date of this order.