OPINION OF THE COURT
Bruce M. Kaplan, J.
Should the court grant a protective order to a respondent in a child support proceeding when petitioner serves notice pursuant to CPLR 3120 (a) (1) (ii) to enter respondent’s co-op, and photograph and videotape its dimensions and contents as well as respondent’s art collection both in the apartment and in storage? In order to decide this question the court must strike a balance between the broad reaching use of discovery devices contemplated under CPLR article 31, and the protection available under CPLR 3103 to prevent unreasonable annoyance or prejudice to any person or the courts.
The circumstances leading to this action for child support are unusual. The August 23,1982 judgment of divorce incorporated, but did not merge a stipulation of settlement dated July 22, 1982. It provided that respondent would retain ownership in the cooperative apartment which he acquired prior to the marriage.
Respondent agreed to pay for all the reasonable and necessary expenses for the support, maintenance and education of the children. In addition, petitioner and the parties’ children could continue to reside with respondent but petitioner would have to vacate respondent’s home within 60 days from respondent’s written demand that she leave the premises.
*552 Petitioner commenced an action in Supreme Court claiming that respondent fraudulently induced her to sign the stipulation incorporated in the divorce judgment.
This caused respondent to serve a written demand that petitioner quit his apartment, but before she left at the end of June 1984 she commenced the instant action.
Petitioner’s counsel noticed respondent for an examination before trial and the production of documents for inspection at the offices of the attorneys representing petitioner in the Supreme Court action.
When this matter appeared before me respondent’s examination before trial had commenced with all counsel agreeing that it could be used in both actions. Consequently, the area of dispute had narrowed itself by the time of submission to one salient item.
The remaining point of dispute is petitioner’s request to permit her attorney’s agents to enter apartment 33C-D at 190 East 72nd Street, New York, New York, for the purpose of inspecting, photographing or recording by motion pictures or otherwise those premises, and each and every object of art, painting, photograph and room therein and thereon, and also to inspect certain art objects, paintings or other properties stored at Morgan Manhattan Storage by the respondent.
Respondent moved for a protective order with respect to petitioner’s demand to enter. He claimed that all the objects of art both in the apartment and in storage are well known to petitioner and their valuations are contained in an inventory which he has furnished to petitioner.
While CPLR 3120 (a) (1) (ii) words on its face support petitioner’s application, the particular circumstances of the instant proceeding render that request inappropriate. This proceeding is one for child support pursuant to Family Court Act article 6. Indeed, by judgment entered August 23,1982, incorporating but not merging a stipulation dated July 22, 1982, the respondent agreed to pay for all the reasonable necessary expenses of his children for their support, maintenance and education.
Under Family Court Act § 413, two of the relevant factors that must be considered by the court in its award for child support are the financial resources of the parents and those of the child, and where practical and relevant the standard of living the child would have enjoyed had the family remained intact.
It is the desire of the petitioner’s counsel to inspect, survey and record as well as photograph and videotape the art, paintings, property and the premises generally. The purpose of this *553 endeavor would be to provide a graphic record of the singularly prepossessing premises where the children lived prior to their father removing their mother from it.
The commentary to CPLR 3120 (a) (1) (ii) indicates that its purpose would be to permit inspection of real property if anything involved with it is involved in the litigation, if relevant, under the broad criteria of CPLR 3101 (a). The proceeding need not involve right, title or interest in the land but could also involve suits based on trespass, nuisance, property damage or personal injury. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120:ll, p 522.)
While the types of suits enumerated were not intended to be definitive, it is clear that they encompass proceedings substantially different from the one at bar.
In actuality what the petitioner’s counsel seeks is far more analogous to a viewing of a premises by a trial jury as provided in CPLR 4110-c.
That section provides “[w]hen during the course of a trial the court is of the opinion that a viewing or observation by the jury of the premises * * * will be helpful to the jury in determining any material factual issue, it may in its discretion, at any time before the commencement of the summations, order that the jury be conducted to such premises or place for such purpose in accordance with the provision of this section.” (CPLR 4110-c [1].)
The section then specifies a procedure for keeping the jury together and notes that its purpose is to permit visual observation by the jury of the premises and enjoins the court, parties, counsel and the jurors from engaging in discussion or argumentation concerning the significance or implications of anything under observation or concerning any issue in the case.
It is better calculated to meet the request of the petitioner, and on motion at an appropriate time in the course of these proceedings the court will arrange to view the premises.
While discovery is to be given a liberal interpretation, the actual purpose of petitioner’s counsel is to perpetuate visual evidence of the children’s preseparation standard of living rather than to ascertain information about which there exists no substantial dispute. Unquestionably CPLR 3120 expanded the methods of inspection permitted under former law. (3A Weinstein-Korn-Miller, New York Civil Practice, para 3120.23.) However it has generally been held applicable to instances where the object or site for which inspecting, photographing or recording by motion pictures was sought constituted or were *554 inextricably intertwined with specific facts which constituted the gravamen of the petitioner’s case. In other words, the appearance or condition of a particular instrumentality were elements the plaintiff had to prove in order to succeed in his or her suit.
In Hartigan v Acme Mkts. (95 AD2d 824 [2d Dept 1983]), petitioner sought to inspect defendant’s premises in connection with its suit to recover gas utility charges. Presumably it wished to inspect the defendant’s premises in order to inspect meters, and perhaps investigate tampering that led to a failure to register gas actually delivered. Bohl v Wichard Assoc. (100 AD2d 860 [2d Dept 1984]) was a suit for damages and fraud in connection with the sale of a dwelling. The salient issue was the discrepancy between what plaintiff claimed he contracted for and what was actually received. In order to document the condition of the dwelling the plaintiff sought entry thereon.
In O’Neil v SeatrainLines (111 Misc 2d 1003 [Supreme Ct, NY County, 1981]), the plaintiff sought damages after falling from a crane located at defendant’s plant. The court granted an inspection of defendant’s premises and crane. The central issue was the condition and appearance of the crane.
In 1417 Bedford Realty Co. v Sun Oil Co. (21 AD2d 684 [2d Dept 1964]), the plaintiff was allowed to enter the defendant’s premises to test to determine depth of prior excavation. This inspection was permitted in the context of an action for damages resulting from defendant excavating its own property which was adjacent to that of the plaintiff.
While these factual situations may vary from each other, what they bear in common is the fact that the condition of the premises, or an object found thereon was a specific material element of the plaintiff’s case.
This is not true in the instant situation. Neither the layout of the respondent’s apartment, its size, location or views therefrom are matters upon which petitioner bears the burden of proof. Rather they furnish the court through visual impact a graphic appreciation of the quality of the predivorce standard of living, an essential element for fixing child support.
The gravamen of a protective order is to prevent unreasonable annoyance or other prejudice to any person emanating from the use of a disclosure device.
Assessing unreasonable annoyance and prejudice requires the court to balance the likelihood-that the disclosure device will furnish vital information, otherwise unattainable, against any untoward disturbance to respondent.
*555 Since entry for photographing and videotaping seems designed more to perpetuate a visual record than to help prove a specific element of the case, the court finds that the disturbance to the order and tranquility of the respondent’s home does not justify entry thereon. Nor should the right to photograph or videotape articles in storage likewise be granted to the petitioner.
The petitioner may during the course of the trial apply for a viewing pursuant to CPLR 4110-c.
The herein matter is adjourned for hearing on January 24, 1985.