OPINION OF THE COURT
Joseph S. Levine, J.
The defendants move for an order pursuant to CPLR 3124, compelling the plaintiff to respond to several demands for disclosure. The plaintiff opposes this motion and cross-moves for an order pursuant to CPLR 3106, reversing the priority of depositions.
*137 The disclosure sought by the defendants is the identity of the plaintiffs’ religious advisors. This unusual request arises from the nature of the medical malpractice action. Mrs. Bucaretzky, a plaintiff, gave birth to a daughter in May 1990. The child was born with Down’s syndrome. The complaint alleges that the defendants failed to advise the plaintiffs of the possibility of giving birth to a child with this condition and failed to conduct the appropriate tests in order to rule out Down’s syndrome. The defendants contend that their advice was proper and that the plaintiff declined amniocentesis and chorionic villus sampling for religious reasons. A critical element of the defendants’ defense is the assertion that Mrs. Bucaretzky would not have had an abortion even if she had been advised of the results of the genetic screening.
The papers submitted by the plaintiffs’ attorney, unfortunately, shed more heat than light on the issues raised on the motion. On its own initiative, this court has the power to make a protective order to prevent the abuse of the disclosure process. (CPLR 3103 [a].) Such an order may be designed to prevent unreasonable annoyance or embarrassment to a party. The court balances the materiality and necessity of the demanded disclosure against the harm experienced by the party against whom such disclosure is demanded. (Matter of Rhoda C. v Amos C., 126 Misc 2d 551.)
The defendants argue that the disclosure of the plaintiffs’ religious advisors would help them learn the "state of mind” of the plaintiffs during the pregnancy. In fact, such disclosure strikes at the heart of the plaintiffs’ credibility, allowing the defendants to utilize any prior inconsistent statements for purposes of impeachment. Two issues may preclude such disclosure. Communications between a religious advisor and a congregant may be privileged pursuant to CPLR 4505, especially if such communication was elicited to provide aid, advice or comfort. (De’Udy v De’Udy, 130 Misc 2d 168.) Also, allowing nonparty disclosure at this time may not only impinge upon a privilege. Granting the motion may result in the plaintiffs being exposed to embarrassment before their coreligionists. Mrs. Bucaretzky may be a member of a religious congregation with certain scruples regarding abortion. However, Mrs. Bucaretzky is also free not to act in conformity with those beliefs. To expose the plaintiffs to this disclosure may not only embarrass them, it may also have a chilling *138 effect on the prosecution of the lawsuit. This form of disclosure is perfectly suited to the application of CPLR 3103. The defendants’ motion is denied. The cross motion offers no compelling reason to change the normal priority of the party’s deposition. Therefore, the cross motion is denied.